*P. W. Hardin, for appellee.*

---

FRANK REED *v.* COMMONWEALTH.

[Abstract Kentucky Law Reporter, Vol. 7—529.]

**Commonwealth's Election as Between Counts of an Indictment.**

> If one is accused in one count of indictment with rape of a child less than twelve years old and in another count with carnally knowing her, even granting that a motion requiring the commonwealth to elect upon which count it would proceed should have been granted, the error is harmless where the accused is convicted only of the lesser offense.

**New Trial on Account of Newly Discovered Evidence.**

> A new trial will not be granted on account of newly discovered evidence where no diligence is shown in discovering the evidence.

APPEAL FROM MADISON CIRCUIT COURT.

January 7, 1886.

OPINION BY JUDGE HOLT:

The indictment in this case contains two counts, one for the alleged rape of Lil Jones, a child under twelve years of age, and the other for carnally knowing her. Defendant was only convicted of the lesser offense, and hence, granting that his motion to compel the commonwealth to elect upon which charge it would proceed should have been sustained, the appellant was not prejudiced by the refusal to do so.

The alleged newly discovered evidence, which formed one of the grounds for a new trial, could have been discovered by the use of proper diligence. It related to the appellant's diseased condition, and the witness by whom it is claimed it would have the proof was the appellant's attending physician and had been introduced as ·a witness by the commonwealth upon the trial upon another question.

Besides the action of the lower court in overruling a motion for

a new trial is not subject to exception and can not be ground for a reversal by this court.

The jury were properly instructed and the judgment below is affirmed.

Judgment *affirmed*.

*J. S. Bronston, S. D. Parrish*, for appellant.

*P. W. Hardin*, for appellee.